UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03346-JRS-TAB |
| | ) | |
| RIPPETOE, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Defendant's Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Christopher M. Johnson filed this 42 U.S.C. § 1983 action alleging that defendant Dr. Rippetoe failed to provide him with Wellbutrin when Mr. Johnson was in custody at the Plainfield Correctional Facility. Dr. Rippetoe has moved for summary judgment, arguing that Mr. Johnson failed to exhaust his available administrative remedies before filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons below, Dr. Rippetoe's motion, dkt. [25], is **granted**.

### I. Applicable Law

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences

1

are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The relevant substantive law here is the PLRA, which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("[E]xhaustion must precede litigation."). For § 1997e(a) purposes, a suit is "brought" when the plaintiff mails the complaint. *Ford*, 362 F.3d at 399.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." (internal quotation omitted)).

## II. Facts

Plainfield maintains administrative grievance procedures. The procedures are included in the inmate handbook and provided to inmates upon arrival at Plainfield. Dkt. 27-1 at 2. The grievance process consists of four stages. *Id.* First, an inmate must try to resolve the grievance informally with the responsible official, either through a "to/from" correspondence or a "request for interview." *Id.* If the inmate is unsatisfied with the result of the informal grievance, the inmate may file a formal grievance by submitting a grievance form to the facility grievance specialist. *Id.* If the formal grievance does not yield the desired result, the inmate may appeal the grievance specialist's decision via a Level 1 Grievance Appeal to the facility's warden. *Id.* If that too fails, the inmate may appeal the warden's decision to the department grievance manager. *Id.* at 3.

Dr. Rippetoe has submitted the records of Mr. Johnson's grievance history at Plainfield. The records show grievances filed on August 14, August 20, August 21, August 27, and September 10, 2019. Dkt. 27-2. The records do not show that Mr. Johnson pursued any of these grievances through the full grievance appeal process.

In his response, Mr. Johnson asserts, "Plaintiff did exhaust his administrative remedies in regard to this civil matter. Plaintiff feels the Defendant got rid of the Grievance forms that was filed against him." Dkt. 29 at 3. Mr. Johnson has attached several healthcare request forms in which he complained about not receiving Wellbutrin. Dkt. 29-1. One such form, dated July 24, 2019, states, "I'm being refused my Wellbutrin. . . . I been here a week and still have not received my meds?" *Id.* at 4; *see also id.* at 5 (on form dated July 23, 2019, "I've been at [Plainfield] for almost a week without my medications").

Mr. Johnson mailed the complaint to initiate this action on August 5, 2019. Dkt. 1-1.

### III. Discussion

The record demonstrates that Mr. Johnson failed to exhaust his available administrative remedies before bringing this action. Mr. Johnson does not dispute that the grievance process was available to him. On the contrary, he claims he completed the process. Dkt. 29 at 3. But he presents no evidence to support his assertion. Indeed, the evidence he attaches to his response undermines any argument that he completed the grievance process before bringing this action.

Mr. Johnson provides five healthcare request forms that he submitted between July 23 and August 7, 2019. Dkt. 29-1. Two of them mention that he has filed a lawsuit because he was not being provided Wellbutrin. *Id.* at 2 ("A civil lawsuit was filed in regards to this matter on July 29, 2019.[1]"); *id.* at 6 ("A federal lawsuit has been filed [due] to me being refused my meds.").

---

[1] Mr. Johnson's complaint was mailed on August 5, but he signed it on July 26, 2019. Dkt. 1 at 5.

But none of the healthcare request forms mentions a grievance. This is consistent with the grievance records, which show that Mr. Johnson filed his first grievance on August 14, 2019, and his first grievance mentioning Wellbutrin on August 27, 2019. Dkt. 27-2 at 2, 13.

Mr. Johnson may "feel[] the Defendant got rid of the Grievance forms that was filed against him." Dkt. 29 at 3. But the facility's grievance history shows that Mr. Johnson did file grievances related to Dr. Rippetoe. The trouble for Mr. Johnson is that he (1) failed to file those grievances *before* bringing this action and (2) failed to complete the appeal process. Each of these failures alone is enough to warrant summary judgment for Dr. Rippetoe and dismissal of this action. *See Ford*, 362 F.3d at 398 ("[E]xhaustion must precede litigation."); *Woodford,* 548 U.S. at 90–91 (plaintiff must comply with agency's procedural rules).

## IV. Conclusion

Dr. Rippetoe's motion for summary judgment, dkt. [25], is **granted**, and this action is **dismissed without prejudice**. *Ford,* 362 F.3d at 401 ("*[A]ll* dismissals under § 1997e(a) should be without prejudice."). Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/18/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER M. JOHNSON
795224
MARION COUNTY JAIL
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204

Rachel D. Johnson
KATZ KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com